1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

9

10

11

12

13

14

Alejandro Quintana,

                    Plaintiff,

v.

Unknown Tariq, et al.,

                    Defendants.

No. CV-15-08048-PCT-SRB (ESW)

**REPORT AND RECOMMENDATION**

15

16

17

**TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:**

18

19

20

21

22

23

24

25

26

27

28

On April 6, 2015, while incarcerated, Plaintiff Alejandro Quintana initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). The Court granted Plaintiff's motion to proceed *in forma pauperis* and ordered Plaintiff to return a service packet for Defendants to the Court by September 23, 2015 (21 days from the date the Order was filed). (Doc. 12). Plaintiff failed to timely return the service packet. On October 22, 2015, the Court ordered that by November 4, 2015 Plaintiff shall (i) return the completed service packet as previously ordered or (ii) show cause why this case should not be dismissed for failure to prosecute. The order was returned to the Clerk of Court with the notations "inmate no longer in custody" and "unable to forward." (Doc. 15). As of the date of this Report and Recommendation, Plaintiff has not filed a notice of a change of address.

A federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute.  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962).  In appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing.  *Id*. at 633.  In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions."  *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

While the fourth factor above weighs against dismissal of this case, factors one through three above favor dismissal.  Plaintiff's failure to keep the Court informed of his address and timely serve Defendants prevents this case from proceeding.   In addition, the Court warned Plaintiff that the Court may dismiss his case for failure to file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Regarding the fifth factor, the undersigned finds that dismissing the case with prejudice would be unnecessarily harsh given the availability of the less drastic sanction of dismissal without prejudice.  Fed. R. Civ. P. 41(b) (dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies").

Accordingly,

**IT IS RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 20th day of November, 2015.

_____
Eileen S. Willett
United States Magistrate Judge